[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2007
THOMAS K. KAHN
CLERK

No. 06-15497
Non-Argument Calendar

_____

Agency Nos. A78-611-077
A78-611-078

KITHSIRI SUMITH PREMARATNA,
MUNIHENA AYK PREMARATNA,
MALIN P. PREMARATNA,
YAHANI C. PREMARATNA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 30, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Lead petitioner, Kithsiri Sumith Premaratna, and his wife, Munihena Ayk Premaratna, and two minor children, all natives and citizens of Sri Lanka proceeding pro se,[1] petition for review of the final decision of the Board of Immigration Appeals ("BIA") which affirmed the immigration judge's ("IJ") denial of asylum under the Immigration and Nationality Act ("INA").[2] In his application, Premaratna alleged both past persecution and a fear of future persecution by members of the People's Alliance ("PA") based on his status as a coordinator for the United National Party ("UNP"). On appeal, Premaratna argues that there was insufficient evidence to support that IJ's finding that the harm he alleged did not rise to the level of persecution, and that the BIA failed to independently assess the evidence in support of asylum. After careful review, we deny the petition for review.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA adopted the IJ's decision, and made some findings of its own, we will review both. To the extent that those

---

[1]Although proceeding pro se on appeal, Premaratna was counseled in the proceedings below.

[2]Because we conclude Petitioners have not met their burden to establish their eligibility for asylum, we also conclude that they failed to meet the higher standards for withholding of removal under the INA and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 U.S.C. § 1231(b)(3), 8 C.F.R. § 208.16(c). See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

decisions were based on a legal determination, our review is <u>de novo</u>. <u>D-Muhumed v. U.S. Att'y Gen.</u>, 388 F.3d 814, 817 (11th Cir. 2004). Factual determinations are reviewed under the substantial evidence test, and we must affirm the BIA's and the IJ's findings of fact "if [they are] supported by reasonable, substantial, and probative evidence in the record considered as a whole." <u>Al Najjar</u>, 257 F.3d at 1284 (citation and quotations omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." <u>Mazariegos v. U.S. Att'y Gen.</u>, 241 F.3d 1320, 1323 (11th Cir. 2001). Rather, "[t]o reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. <u>Adefemi v. Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004)(<u>en</u> <u>banc</u>).

An alien who arrives in or is present in the United States may apply for asylum. <u>See</u> INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." <u>See</u> INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on

3

account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted).

After an evidentiary hearing, the IJ found that while in Sri Lanka, Premaratna had received phone calls urging him to leave politics and on one occasion, unknown assailants had broken into his house, vandalized it, and attempted to physically harm Premaratna's wife but were deterred when a neighbor arrived on the scene and told them to leave. Before leaving, the intruders warned that Premaratna should cease his involvement in politics. Premaratna believed that

4

the phone calls and break-in were the work of the opposition party, the PA, so he did not go to the police for fear that he would be arrested or killed. About two months after the break-in, Premaratna and his family left Sri Lanka. If Premaratna returns to Sri Lanka, he described his fear of future persecution as follows: "They definitely know. They know very well of, of what I can do and my skills and how I organized things so they, they will not like . . . that. Like me doing that. Therefore, they would harm my life to stop those." He acknowledged that the rest of his family, including his two brothers and his mother, remain in Sri Lanka and have never been harmed.

The IJ found that although his testimony was credible, Premaratna nevertheless had not met his burden to show past persecution or a fear of future persecution. The BIA affirmed, concluding: "The respondents' allegations, in that the lead respondent received telephone threats and a death threat, his house was broken into and vandalized, and his wife was nearly 'hurt,' do not allege facts which rise to the level of persecution even when considered cumulatively." The BIA also determined that Premaratna had not shown an objectively reasonable fear of future persecution.

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation[.]" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations and citation omitted).

5

We have held that harassment, such as threats and acts of intimidation, particularly those that result in no physical harm, do not rise to the level of persecution. Id.; see also Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2007) (concluding that petitioner's 5-day detention during which he was not harmed did not compel a finding of past persecution). Based on our controlling precedent, and from our review of the record, we cannot say the evidence of threatening phone calls and the break-in and an attempt that the BIA characterized as "nearly hurting" Premaratna's wife, in concert, compels a finding of past persecution. Therefore, neither the IJ nor the BIA erred in denying asylum based on past persecution.

As for future persecution, there is no evidence that Premaratna had an objective fear of persecution if he returns to Sri Lanka.[3] Sepulveda, 401 F.3d at 1232. As the IJ noted, the 2004 Country Report stated that the political situation in Sri Lanka is improving, namely, that: (1) the government generally respects the rights of its citizens; (2) the last elections were free and fair; and (3) there were no extra-judicial killings or disappearances. Moreover, the UPN candidate for whom Premaratna had campaigned is serving as a leader in Sri Lanka's parliament,

---

[3] Because substantial evidence supports the finding that Premaratna does not face a reasonable possibility of personal persecution, we do not address his arguments regarding whether he showed he could avoid persecution by relocating within Indonesia. See 8 C.F.R. § 208.13(b)(2).

6

Premaratna's cousin still resides in Sri Lanka, and other family members who remain in Sri Lanka, although not politically active, have suffered no harm as a result of from Premaratna's political activity. Premaratna challenges the BIA's reliance on the 2004 Country Report, but we have held that the BIA may rely heavily on such reports, particularly the most recent one (here, the 2004 report), to assess current country conditions for purposes of making an asylum decision. See Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1243 (11th Cir. 2004) (denying petition to review BIA's decision, including its reliance on State Department reports to find that the government of Peru would not acquiesce in the harm that the petitioner feared that he would suffer). Moreover, we also have approved an IJ's reliance on the fact that family members remain in the country unharmed as evidence that petitioner failed to meet his burden to established a well-founded fear of future persecution. See, e.g., Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006). On this record, we cannot say that the IJ clearly erred by denying asylum or that the BIA reversibly erred by affirming that decision. Accordingly, we deny the petition for review.

**PETITION DENIED.**